In the Matter of: Revocation of Hotel Liquor License No. H-431 and Amusement Permit No. AP-22494 Issued to Boelter Bar Corporation.

Commonwealth of Pennsylvania, Pennsylvania Liquor Control Board *v.* Boelter Bar Corporation, Appellant.

Argued April 7, 1977, before Judges KRAMER, WIL-
KINSON, JR. and BLATT, sitting as a panel of three.

*Abraham J. Levinson*, for appellant.

*David Shotel*, Assistant Attorney General, with
him *Harry Bowytz*, Chief Counsel, and *Robert P.
Kane*, Attorney General, for appellee.

OPINION BY JUDGE WILKINSON, JR., May 5, 1977:
Appellant-licensee was awarded a hotel liquor li-
cense. To qualify under Sections 1-102 and 4-461 of
the Liquor Code, Act of April 12, 1951, P.L. 90, *as
amended*, 47 P.S. §§1-102 and 4-461, he was required
to maintain at least ten bedrooms, at least five of
which would be available to transient guests, as well
as a public dining room and kitchen. On August 21,
1975 the licensed premises were inspected and there
were no bedrooms available to anyone for any pur-
pose and the kitchen was in an insanitary condition.
On reinspection the kitchen was found to be in satis-
factory condition but no rooms were available on Au-

gust 23, 27 or 30, 1975 nor on September 5 or 6, 1975. On October 28, 1975 the Pennsylvania Liquor Control Board (Board) issued a citation to show cause why the appellant's license and amusement permit should not be revoked and the bond forfeited. After a hearing, the Board issued its opinion and order, dated February 13, 1976, making the above findings of fact and suspending appellant's hotel liquor license for 15 days and continuing thereafter until the premises qualify as a bona fide hotel.

Appellant filed a timely appeal to the common pleas court where a de novo hearing was held and the trial judge made the same findings the Board had made, denied the appeal and affirmed the February 13, 1976 order of the Board. This appeal followed. We affirm.

Not only does the uncontradicted testimony support the findings, but also the appellant's president admitted that the kitchen was in an insanitary condition on August 21, 1975 and that no bedrooms were available on the dates in the citation. If this were not sufficient, together with the affirmative testimony of the Board's enforcement officers, counsel for appellant stipulated that all the bedrooms on the licensed premises were in an uninhabitable condition on all the dates alleged.

Appellant properly explains the fact that there were no rooms available on the cited dates and for many months before and after on the basis that the rooms were in an uninhabitable condition and he was completely renovating them as well as the hallways. Obviously, this was necessary work, but does not justify the continued operation of the hotel liquor license on premises which do not qualify to have one. Certainly the Board recognized the appellant's good faith when it did not revoke the license and forfeit the

bond, but rather merely suspended the license for 15 days and onward until the property qualifies.

Appellant's reliance on *Liquor Control Board v. Rauwolf*, 3 Pa. Commonwealth Ct. 95, 281 A.2d 205 (1971) is entirely misplaced. In *Rauwolf* we permitted a license to be transferred from premises that had prior approval because the licensee could not obtain the necessary permits at the prior approved premises. The license was transferred to a new location that would qualify. Here appellant is not seeking a transfer, but rather asserts the right to continue to operate with his license on premises which do not qualify. The Board and the trial court were quite correct in rejecting appellant's position. We do likewise and affirm.

ORDER

AND Now, May 5, 1977, the Order of the Court of Common Pleas of Philadelphia County, Trial Division-Criminal Section number 6-03-2143, dated April 23, 1976, affirming the Order of the Pennsylvania Liquor Control Board, dated February 13, 1976, is affirmed.